## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS, EASTERN DIVISION

| | |
|---|---|
| CHARLENE OLIVER, )<br><br>Plaintiff, )<br><br>v. )<br><br>BANK OF AMERICA, N.A., )<br><br>Defendant. ) | CIVIL ACTION NO. 12-12186 |

## BANK OF AMERICA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Bank of America, N.A. ("Bank of America") respectfully submits this memorandum of law in support of its motion to dismiss, with prejudice, Plaintiff's October 23, 2012 Complaint ("Compl.") for failure to state a cognizable claim for relief.

## ARGUMENT

Plaintiff fails in her Complaint to allege that she served the statutorily-required demand letter upon Bank of America at least 30 days before filing this action under Massachusetts General Laws Chapter 93A ("Chapter 93A").  Plaintiff's suit fails for this threshold reason alone.  Additionally, none of the three substantive bases that Plaintiff asserts in her one-count Complaint can give rise to a viable claim.

1) Plaintiff's contention that, in October 2007 or earlier, Bank of America tortiously "sign[ed] off" on a Mortgage following an inaccurate inspection, Compl. ¶¶ 3–4, is barred by Chapter 93A's four-year statute of limitations.

2) The same goes for Plaintiff's allegation that, in October 2007 or earlier, Bank of America did not inquire into the builder's business practices before signing off on the Mortgage, *id.* ¶¶ 11–12.

3) Plaintiff's final assertion that, in March 2009, Bank of America told Plaintiff on the phone that it would forgive the Mortgage balance in its entirety, but then failed to do so, *id.* ¶ 10, is barred by the economic loss doctrine and/or fails to articulate an act or practice violative of Chapter 93A.

The Court should therefore dismiss Plaintiff's action with prejudice.

## I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT DOES NOT ALLEGE SERVICE OF A PRE-SUIT DEMAND LETTER.

In the Complaint, Plaintiff claims that Bank of America violated Chapter 93A, but she fails to assert compliance with the statute's pre-litigation demand letter requirement. Under Chapter 93A, "[a]t least thirty days prior to the filing of any such [Chapter 93A] action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent." Mass. Gen. Laws. ch. 93A, § 9(3). This demand requirement "is not merely a procedural nicety, but, rather, 'a prerequisite to suit'" and "***must be alleged in the plaintiff's complaint***." *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 19 (1st Cir. 2004) (emphasis added) (*quoting Entrialgo v. Twin City Dodge, Inc.*, 333 N.E.2d 202, 204 (Mass. 1975)); *see also Lingis v.* Waisbren, 914 N.E.2d 976, 981 (Mass. App. Ct. 2009) (vacating judgment and remanding for failure to comply with demand requirement). Plaintiff fails in her Complaint to allege she sent Bank of America a Chapter 93A demand letter. The Court should therefore dismiss Plaintiff's Complaint in its entirety, with prejudice.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED.

To survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the Complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks omitted).  In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts are required to accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009). Under this standard, a Complaint that asserts a 93A claim based on events that occurred outside the applicable statute of limitations and seeks damages for a simple breach of contract or pure economic loss in tort must fail.

## A. TWO OF PLAINTIFF'S THREE BASES FOR HER COMPLAINT ARE BARRED BY THE STATUTE OF LIMITATIONS.

Two of the three grounds Plaintiff asserts for her 93A claim date back to 2007 or before and are, thus, barred by the statute of limitations.  Plaintiff first alleges that Bank of America is somehow responsible for a property inspector's July 2007 opinion that cracks in the basement of Plaintiff's mortgaged property were from settling and did not present a structural problem. Compl. ¶¶ 3–4.  Plaintiff also claims that Bank of America "fail[ed] to conduct a proper inquiry into [the builder's] tactics" before finalizing the Mortgage.  *Id.* ¶ 19.  Plaintiff moved into the property in October 2007 and, according to the Complaint, immediately notified Bank of America of the cracks, indicating that she knew of a possible problem with the property at that time.  *Id.* ¶ 6.  Even if Bank of America somehow could be held liable for the inspector's conduct or its alleged relationship with the property's builder in 2007, any claim based on those actions is now barred by the statute of limitations.  Chapter 93A claims must be filed within four years of

an alleged unfair act or practice, *see* Mass. Gen. Laws ch. 260, § 5A, thus Plaintiff's right to assert a claim under this chapter expired, at the absolute latest, in October 2011.

### B. PLAINTIFF'S ONLY OTHER BASIS FOR SUIT IS BARRED BY THE ECONOMIC LOSS DOCTRINE AND/OR FAILS TO IMPLICATE CHAPTER 93A.

Plaintiff's sole remaining ground for her suit also fails to support any claim under Chapter 93A. Plaintiff asserts that Bank of America violated Chapter 93A by "failing to honor its promise to forgive Plaintiff's Mortgage." Compl. ¶ 19; *see also id.* ¶ 10. Even if one assumes, *arguendo*, that Bank of America made such an unorthodox, undocumented promise, Plaintiff's claim nonetheless fails because it is barred by the economic loss doctrine and/or because the alleged conduct does not rise to the level of an unfair or deceptive trade practice under Chapter 93A.

### 1. Plaintiff's Tort-Based Theory Fails as a 93A Claim.

To the extent that it is tort-based, Plaintiff's allegation that Bank of America wrongfully failed to forgive her Mortgage balance, Compl. ¶ 10, is barred by the economic loss doctrine. "[P]urely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage." *FMR Corp. v. Boston Edison Co.*, 613 N.E.2d 902, 903 (Mass. 1993). *See also W.R. Construction & Consulting, Inc. v. Jeld-Wen, Inc.*, 2002 WL 31194870 (D. Mass. 2002) (Woodlock, J.) (applying economic loss doctrine to bar tort-based theory under M.G.L. c. 93A). Plaintiff's Complaint does not allege that Bank of America caused any damage to her property. The cracks in the foundation were allegedly caused by the builder's negligence. *See* Compl. ¶ 11. The only damages Plaintiff blames on Bank of America are due to its alleged failure to keep a promise to forgive Plaintiff's entire Mortgage balance. *See id.* ¶ 13. Plaintiff merely seeks damages for economic loss without alleging an underlying physical injury. Bank of America did not damage the property, and Plaintiff does not, and cannot, allege that the

4

builder of the property was Bank of America's agent.  Therefore, there is no tort-based theory on

which Plaintiff can bring a claim for violation of Chapter 93A, and the Complaint should be

dismissed with prejudice.

### 2.   Plaintiff's Breach of Contract Theory Fails as a 93A Claim.

To the extent that Plaintiff alleges a breach of contract—i.e., that Bank of America

promised to forgive the entire Mortgage balance because there were cracks in the basement walls

but failed to follow through (issues regarding the adequacy of consideration notwithstanding),

Compl. ¶ 10—she still cannot succeed under Chapter 93A.  Even if a contract was formed and

breached, "[a] mere breach of contract does not constitute an unfair or deceptive trade practice

under Chapter 93A."  *Leet v. Cellco Partnership*, No. 06-40096-FDS, 2007 WL 3332803, at *2

(D. Mass. Oct. 19, 2007) ("[D]espite the fact that it took quite a long time before the 'derogatory

information' was removed from plaintiff's credit report, ***defendant was not attempting to extort***

***anything from plaintiff in exchange for requesting removal of the 'derogatory information,'***

***nor was defendant attempting to manipulate or deceive plaintiff***.  Defendant's alleged breach of

the parties' contract simply does not rise to the level of conduct necessary to support a Chapter

93A violation claim." (emphasis added)).

To establish a Chapter 93A violation, a breach of contract "must rise to the level of

commercial extortion or a similar degree of culpable conduct."  *Id.*; *see also Mass. Eye and Ear*

*Infirmary v. QLT Phototherapeutics, Inc.*, 552 F.3d 47, 69 (1st Cir. 2009) (affirming finding that

defendant violated Chapter 93A because "the combination of extracting highly valuable leverage

(in a misleading manner) and then avoiding payment in accordance with prior promises was

unscrupulous and dishonest"); *Renovator's Supply, Inc. v. Sovereign Bank*, 892 N.E.2d 777,

787–88 (Mass. App. Ct. 2008) (affirming finding that defendant violated Chapter 93A because

evidence supported judge's finding that "[lender] had lulled [borrower] to a point beyond its credit deadline and had exploited that timing in an attempt to force the unwanted additional credit terms upon the company"). No such culpable conduct is alleged here. Plaintiff merely asserts that Bank of America made a promise and then failed to take the necessary steps to fulfill that promise. Plaintiff does not explain what Bank of America may have been attempting to gain by making the promise to forgive the Mortgage, nor does she allege that Bank of America attempted to manipulate her by making the promise. A breach of contract claim with no allegation of extortionate or manipulative conduct fails as a matter of law to implicate Chapter 93A.

## <u>CONCLUSION</u>

For all the foregoing reasons, Bank of America respectfully requests the Court grant its motion to dismiss the Complaint with prejudice.

Respectfully submitted,

BANK OF AMERICA, N.A.


By its attorney,


*/s/ Stephen C. Reilly*

Stephen C. Reilly, BBO #555371
Ryan M. Cunningham, BBO #661440
SALLY & FITCH LLP
One Beacon Street
Boston, MA 02108
617-542-5542
scr@sally-fitch.com

Dated: December 3, 2012

## **CERTIFICATE OF SERVICE**

I, Stephen C. Reilly, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 3, 2012.


*/s/ Stephen C. Reilly*
Stephen C. Reilly